Peterson et ux., Appellants, *v.* McCauslan.

Argued January 5, 1934.   Before FRAZER, C. J., KEPHART, MAXEY, DREW and LINN, JJ.

*H. Leon Bennett,* for appellants.

*C. Brewster Rhoads,* with him *Laurence H. Eldredge,* of *Montgomery & McCracken,* for appellee.

OPINION BY MR. JUSTICE DREW, January 30, 1934:

This appeal presents a case in which the plaintiffs proved that an accident happened, but failed to convince the jury that the defendant had been guilty of negligence. Mrs. Clarice M. Peterson was injured as the result of the overturning of an automobile owned and driven by her sister, Mrs. Elsa McCauslan, in which the former was riding as a guest. The action, brought by Mrs. Peterson and her husband against Mrs. McCauslan, resulted in a verdict and judgment for the defendant. Plaintiffs appealed, assigning certain alleged errors in the charge and the refusal of their motion for a new trial.

The facts disclosed by the evidence are as follows: On January 18, 1932, about 7:30 p. m., Mrs. Peterson was returning from New York to Philadelphia in the automobile of her sister, on a main highway in New Jersey. It was a clear night, there was no rain or mist, and the road was dry. The highway was of concrete and was divided into three traffic lanes. At a point on the outskirts of the City of New Brunswick, on their right-hand side of the road, the concrete surface ended, and that side of the road continued with a gravel surface of the same level as the concrete. The remainder of the road, i. e., the center and the left-hand side, continued with a concrete surface. The defendant was driving on the right side of the road at a speed of about 40 miles an hour, when she suddenly realized that she had left the concrete surface and was on the gravel. Defendant, who was apparently not an unfriendly witness, was called by plaintiffs as for cross-examination, and testified: "I was driving along on the smooth road. I suddenly found that I was on a different surface, and got frightened. My car jiggled around, swung around, and I got frightened, and I had a great desire to get back on the highway. I kept my foot on the brake, and it turned to the left. The next thing I knew it swung right around, and the car turned over." Mrs. Peterson testified: "The only thing I know, there was a sudden jolt, and the next thing I knew we were turned

over in the road. I don't know what it was. All I know is we stopped suddenly." The only other witness to the accident, one Davidson, who stated that he was a garage owner and that he was sitting in a car at the side of the highway "watching for wrecks," said: "I saw this car coming down the road, and all at once it just took a swing around and turned over twice and landed on the other side against the bank, on its wheels." There was some evidence that there was a defect in the left front brake, tending to cause the automobile to swerve to the left when the brakes were applied. There was also evidence that defendant was informed of this defect a week before the accident, but took no steps to remedy it. The foregoing represents all the evidence in the case as to how the accident happened. The defendant produced no testimony.

Plaintiffs contend that the trial judge "let the case go to the jury solely on the issue of the faulty brake," and that this was error, for the reason that, even aside from the question of the defective brake, the jury might properly have found that defendant was negligent in not having her car under proper control and in suddenly applying the brakes. An examination of the charge shows that the trial judge by no means limited the issue to the question of the alleged defective brake; on the contrary, after reviewing all the evidence, he left it to the jury to determine whether defendant had been negligent in the operation of her car.

Plaintiffs also complain of the following portion of the charge: "Did New Jersey have a safe surface which perhaps the road man would know about, or was it really a trap that this defendant would not and could not be expected to see or know about, that she unfortunately ran over, and which caused her to turn over?" They contend that this part of the charge is not supported by the evidence. With this we cannot agree. The word "trap" came into the case as a result of the testimony of Davidson that he was waiting at the side of the road "for

wrecks," which might indicate that the change of surface covering of the road at that spot was in reality a trap. Of course if there was a trap there, a dangerous condition which could not be seen and guarded against by a driver exercising due care, there could be no liability for an accident resulting therefrom. That is all the learned trial judge imparted to the jury, and, because of the evidence in the case, he was not in error in referring to it.

The charge was full and accurate, and the evidence justified the jury in finding for the defendant. The mere happening of this accident did not prove negligence. There was no error in refusing a new trial and entering judgment on the verdict.

Judgment affirmed.